## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KELLYLEE SEXTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-110-TLS |
| | ) | |
| CAPTAIN BELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kellylee Sexton, a prisoner proceeding pro se, submitted a Prisoner Complaint under 42

U.S.C. § 1983 [ECF No. 1]. Pursuant to 28 U.S.C. § 1915A, the Court must review the

Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal under federal pleading standards, a

complaint must contain enough detail to state a claim for relief that is plausible on its face and to

raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581

F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. at 603.  In other words, "a plaintiff must do better than putting a

few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400,

403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that "[a]

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, the Plaintiff alleges that in his rights were violated while he was a pretrial detainee at the LaPorte County Jail. Specifically, he alleges that in October 2011, he was moved to the segregation unit, which he believes was not warranted by his conduct at the jail. He claims that the conditions in the segregation unit were restrictive, and that he was not allowed to keep legal documents in his cell, was only allowed out of his cell for showers and recreation time each day, was not allowed to turn on his light to read during the night, and was told not to push the call button unless he had an emergency. He further claims that after expressing "thoughts of hurting himself" he was placed in a "strip cell" for a period of nine days, during which time he was forced to sleep on a "steel bunk" with no mattress, and was not given adequate clothing or footwear, requiring him to walk barefoot through the jail on two separate occasions. He claims that once a week Sergeant Vance and Deputy Thomason (first names unknown) walked through the unit, and that they were aware of these conditions but did not assist him despite his complaints. The Plaintiff claims that he also wrote several letters to Captain Bell (first name unknown), and the Captain eventually came to speak with him. Captain Bell allegedly listened to his concerns and told him "not to violate the rules if he did not like [the segregation unit]." Based on these events, he has sued Captain Bell, Sergeant Vance, and Deputy Thomason, seeking compensatory and punitive damages.

Because the Plaintiff was a pretrial detainee at the time of these events, the Fourteenth Amendment, rather than the Eighth Amendment, applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, the Court conducts both an objective and a subjective inquiry. *Id.*

The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. If the conditions pass the objective inquiry, the Court must then determine whether the prison official acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, giving the Plaintiff the inferences to which he is entitled, he alleges that he was denied adequate bedding, clothing, and footwear for a period of at least nine days, satisfying the objective prong of the Eighth Amendment inquiry. *See Townsend v. Fuchs*, 522 F.3d 765, 773–74 (7th Cir. 2008) (lack of proper bedding constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (pretrial detainee's allegation that he was housed in a strip cell for approximately 10 days without adequate heat, clothing, and bedding stated a Fourteenth Amendment claim). With respect to the subjective

prong, the Plaintiff alleges that all three Defendants were personally aware of these conditions, but they did nothing to remedy the situation despite his complaints. If proven, these allegations could establish deliberate indifference. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"); *see also Vinning-El v. Long*, 482 F.3d 923, 924–25 (7th Cir. 2007) (observing that deliberate indifference can be established through circumstantial evidence, by showing that the conditions would have been obvious to prison personnel "working in the vicinity"). Although further factual development may show that the Plaintiff was housed under these conditions to prevent him from hurting himself or for some other legitimate reason, giving him the inferences to which he is entitled at this stage, he has stated enough to proceed with this claim.

The Plaintiff's remaining allegations do not state a plausible claim for relief. He claims that his due process rights were violated when he was transferred to the segregation unit, because he had not been "written up" or found guilty by a disciplinary board of committing an infraction. However, the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation, even when they are subjected to harsher conditions as a result. *See Townsend*, 522 F.3d at 766 (placement in segregation for 60 days did not trigger due process

liberty interest); *Lekas v. Briley*, 405 F.3d 602, 608–09 (7th Cir. 2005) (inmate's 90 days in segregation did not give rise to a due process claim). Here, the Complaint is not a model of clarity as to the relevant dates, but it can be inferred that the Plaintiff was in the segregation unit for a period of days or weeks, which would not trigger a due process liberty interest. Accordingly, he has failed to allege a plausible due process claim on this ground.

Additionally, the Plaintiff appears to claim that he was denied access to the courts when guards would not permit him to keep certain legal documents in his cell. Although inmates have a First Amendment right of access to the courts, there is no "abstract free-standing right" to a law library or legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Here, the Plaintiff states only in general terms that he wanted to keep legal documents related to his criminal case in his cell. He does not allege, nor can it be plausibly inferred, that he was unable to pursue a potentially meritorious claim or otherwise prejudiced by his lack of access to these papers. It is clear from the Complaint that he was represented by counsel in his criminal case, and he does not allege that he was denied all access to legal materials, only that he was not permitted to keep certain papers in his cell. Under these circumstances, he has failed to allege a plausible claim for denial of access to the courts.

For these reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed on a claim against Captain Bell, Sergeant Vance, and Deputy Thomason in their individual capacities for compensatory and punitive damages for housing him without adequate bedding, clothing, and footwear;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Captain Bell, Sergeant Vance, and Deputy Thomason; and

(4) **ORDERS** Captain Bell, Sergeant Vance, and Deputy Thomason to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R.10-1, only to the claim for which the *pro se* Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 8, 2013.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION